**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.**

IAN HUE, an individual,

      Plaintiff,

vs.

SAMUEL'S AUTO FL., LLC,
a Florida limited liability company
d/b/a "Samuel's Auto,"

      Defendant.

_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, Ian Hue, an individual, sues Defendant, Samuel's Auto FL., LLC, a Florida limited liability company doing business as "Samuel's Auto," and alleges:

## GENERAL ALLEGATIONS

### *SYNOPSIS OF PROCEEDING*

1.    This lawsuit involves a used car dealership selling a family a badly wrecked late model van with a salvaged title and a busted odometer without any semblance of compliance with federal and state consumer disclosure requirements.

2.    The Federal Odometer Act, 49 U.S.C. §32701 ("Odometer Act"), prohibits the disconnection, resetting or alteration of odometers with the intent to change the number of miles indicated thereon.  The law also requires that a written disclosure of the mileage registered on the odometer be provided by the seller to the purchaser on the title to the vehicle when the ownership

of the vehicle is transferred.  If the odometer mileage is incorrect, the law requires a statement to that effect the buyer **before** the purchase by the buyer.

3.     Odometer tampering is a significant criminal and consumer fraud issue in the United States.  According to the National Highway Traffic Safety Administration ("NHTSA"), over 450,000 vehicles sold each year have false odometer readings, causing over One Billion Dollars ($1,000,000,000.00) of loss to American car buyers.

4.     In South Florida, automobile dealerships are concealing the true mileage and history of wrecked vehicles to purloin profit.  *See*, e.g., *"Car Buyer Cries Fraud After Discovering Odometer Has Been Rolled Back,"* Miami Herald, April 8, 2013 [article concerning aggrieved car purchaser who purchased a vehicle with 56,447 miles from dealership when the actual mileage for the vehicle was 187,677].

### *JURISDICTION*

5.     This Court has jurisdiction under the Federal Odometer Act, formerly known as the "Motor Vehicle Information and Cost Savings Act," 49 U.S.C. §32710 and 28 U.S.C. § 331 and 1337 and has supplemental jurisdiction over state claims under 28 U.S.C. §1367.

### *ALLEGATIONS AS TO PARTIES*

6.     At all times material hereto, Plaintiff, Ian Hue ("Mr. Hue"), was *sui juris* and a resident of Calistoga, California.

7.     At all times material hereto, Defendant, Samuel's Auto FL., LLC ("Samuel's Auto" or "Dealership") was a Florida limited liability company doing business as "Samuel's Auto" at 627 S. Dixie Highway East, Pompano Beach, Florida 33060.

8.      At all times material hereto, Samuel's Auto was a "dealer" as said term is defined under Florida Statute §320.77(1)(a).

## FACTUAL ALLEGATIONS

### A. Purchase of Van for Hue Family as a Camper

9.      In July 2020, Mr. Hue was in the market for a late-model cargo van to convert for use as a weekend camper for his family.

10.      After searching the internet, Mr. Hue found a 2019 RAM 3500 ProMaster Cargo Van, VIN: 3C6URVJG0KE544807 ("Van") advertised by the Dealership on E-Bay.

11.      As the Van was late model and had low mileage, Mr. Hue contacted the Dealership directly.

12.      In the ensuing conversation with Mr. Hue, the Dealership represented to Mr. Hue the following:

- that the Van was in excellent condition and had no mechanical defects ("Condition Representation"); and

- that the Van was low mileage and had "8,000 miles" ("Oral Mileage Representation").

13.      After Mr. Hue related to the Dealership that Mr. Hue intended to convert the Van to a family camper, the Dealership affirmatively represented that the Van would be fit for a camper conversion ("Fitness Representation").

14.      At the request of Mr. Hue, the Dealership emailed to Mr. Hue a Buyer's Order for the purchase of the Van ("Buyer's Order Email").

15.     A copy of the Buyer's Order Email from the Dealership to Mr. Hue concerning the purchase of the Van is attached hereto and incorporated by reference as Exhibit "A."

16.     As an attachment to the Buyer's Order Email, the Dealership provided Mr. Hue with a one-page document entitled "Bill of Sale/Buyer's Order" ("Bill of Sale").[1]

17.     Pursuant to the Bill of Sale, the Dealership made an affirmative representation to Mr. Hue that the odometer reading for the Van was **8,021** miles ("Initial Written Mileage Representation").

18.     After reviewing the Bill of Sale, on July 8, 2029, Mr. Hue signed same and returned the Bill of Sale by email to the Dealership.

19.     A copy of the email transmittal and the signed Bill of Sale is attached hereto as Exhibit "B."

20.     Pursuant to the Bill of Sale, Mr. Hue agreed to purchase the Van for the total purchase price in cash of Thirty Thousand Dollars ($30,000.00) ("Purchase Price").

21.     After returning the signed Bill of Sale to the Dealership, Mr. Hue wire-transferred the Purchase Price to the Dealership.

22.      After payment of the Purchase Price, Van was delivered to Mr. Hue at his home in Calistoga, California.

### B. Discovery that Van had a Re-Built Title and Inaccurate Odometer

23.     Several days after the Van was delivered to Mr. Hue, Mr. Hue received a package

---

[1] The Bill of Sale sent to Mr. Hue did not have a reverse side.

in the mail that contained the following:

- Motor Vehicle Title Reassignment Supplement ("Reassignment")- attached hereto and incorporated by reference as Exhibit "C"; and

- Original State of Minnesota Certificate of Title for Motor Vehicle for Title No. 00WCSSB-1 ("Minnesota Salvage Title")- attached hereto and incorporated by reference as Exhibit "D."

24.      When Mr. Hue reviewed the Minnesota Salvage Title, Mr. Hue discovered for the first time that the Dealership had sold him a wrecked vehicle that had a salvage title brand:



("Salvage Brand")

25.      In addition to selling Mr. Hue a wrecked vehicle, the Dealership also sold Mr. Hue a vehicle with an inaccurate or tampered odometer. In particular, the Minnesota Salvage Title provided:

("NAM Disclosure")

26.     As seen above, the NAM Disclosure stated that the mileage reading of 8,041 was "***not actual mileage***."

27.     In addition to the Initial Mileage Representation, the Dealership falsely represented through the Reassignment that the mileage reading of 8,041 was "***actual mileage***":



("Second Mileage Representation")

28.     The Second Written Mileage Representation was made by the Dealership under penalty of perjury.

–6–

### C.   Demand for Return of Purchase Price

29.     After learning that he had been severely cheated, Mr. Hue demanded the return of all monies paid to the Dealership.

30.     The Dealership refused to comply with the demand of Mr. Hue as to the recission of the transaction to purchase the Van.

### D. History of Van as Wrecked Amazon Delivery Truck

31.     As part of his investigation concerning the history of the Van, Mr. Hue through counsel learned that the Van had been part of an *Amazon* delivery fleet in Minnesota and had been wrecked in early 2020.

32.     The following are photos obtained from a salvage auction website[2] depicting the substantial damage to the Van:



---

[2] Images derived from *https://en.bidfax.info/ram/promaster/4937891-ram-promaster-3500-3500-high-2019-blue-36l-vin-3c6urvjg0ke544807.html* (last accessed on January 31, 2020)





–8–

### E. Damages of Mr. Hue as Result of the Fraud

33.     Mr. Hue had the Van inspected by a reputable repair facility near his home.

34.     The repair facility opined that the Van needed repairs totaling over $18,000 to make the Van roadworthy and safe.

35.     A copy of the estimate for the repairs is attached hereto as Exhibit "E."

36.     The repair facility also determined that the airbags to the Van had not been replaced after the accident.

### F. Non-compliance with Florida Statutory Disclosure Requirements

37.     Fla. Stat. §319.14 provides in pertinent part that a person may not knowingly sell, exchange, or transfer a salvaged or rebuilt vehicle referred without, before consummating the sale, exchange, or transfer, **disclosing in writing** to the purchaser, customer, or transferee the fact that is a vehicle that is rebuilt.

38.     The Dealership knowingly failed to disclose to Mr. Hue that the Van was a rebuilt vehicle with an inaccurate odometer.

### COUNT I - ACTION FOR VIOLATION OF THE FEDERAL ODOMETER ACT

39.     This is an action for violation of the Federal Odometer Act, previously known as the "Federal Motor Vehicle Information and Cost Savings Act," 49 U.S.C. §32710, *et seq.,* ("Odometer Act" or "Act").

40.     Mr. Hue realleges and reaffirms the allegations contained in Paragraphs 1 through 38 above as if set forth hereat in full.

41.     At all times material hereto, Samuel's Auto was a "dealer" as said term is defined

under 49 U.S.C. §32702(2).

42.    Pursuant to 49 U.S.C. §32703, a person may not *inter alia*:

- disconnect, reset, alter or have disconnected, reset, or altered, an odometer of a motor vehicle intending to change the mileage registered by the odometer;

- with intent to defraud, operate a motor vehicle on a street, road or highway if the person knows that the odometer of the vehicle is disconnected or not operating; or

- conspire to violate 49 U.S.C. §§32703, 32704 or 32705 of the Act.

43.    Pursuant to 49 U.S.C. §32704, a person may service, repair or replace the odometer of a motor vehicle if the mileage registered by the odometer remains the same as before the service, repair or replacement.  If the mileage registered cannot remain the same -

(1).  a person shall adjust the odometer to read zero; and

(2).  the owner of the vehicle or agent of the owner shall attach written notice to the left door frame of the vehicle specifying the mileage before the service, repair or replacement and the date of service of service, repair or replacement.

44.    By information and belief, the odometer of the Van was either tampered with or was replaced without compliance under the Act.

45.    Pursuant to 49 U.S.C. § 32705, a motor vehicle the ownership of which is transferred may not be licensed for use in a state unless the transferee, in submitting an application to the state upon which the license will be issued, includes with the application the transferor's title and, if that title contains a blank space, must disclose the mileage at the time of a future

transfer, a statement, signed and dated by the transferor under the Odometer Act.

46.     Pursuant to 49 U.S.C. §32705(2)(A), a transferee may use a written power of attorney for mileage disclosure required under the Odometer Act provided that said disclosure in compliance with the Regulations and state law.

47.     A power of attorney may not be used to allow an individual entity to sign as both buyer and seller in confirming a federal odometer reading. If a power of attorney is used, an attorney in fact must sign in the name of the attorney in fact.

48.     Defendant has violated the Act in that Samuel's Auto made a false statement to a transferee in violation of 49 U.S.C. §32705(a) and 49 C.F.R. §580.4.  *See, Owens v. Samkle Automotive, Inc.*, 425 F.3d 1318 (11th Cir. 2005).

49.     As a direct and proximate result of the above-described actions, Samuel's Auto violated the Act with the intent to defraud.

50.     As a result of the violation of the Act, Defendants are liable to Mr. Hue in an amount equal to three times actual damages or $10,000.00, whichever is greater, plus attorney=s fees and costs pursuant to 49 U.S.C. §32710.

51.     Mr. Hue has retained the undersigned attorney and is obligated to pay said attorney a reasonable fee for his services.

WHEREFORE, Plaintiff, Ian Hue, an individual, demands judgment against Defendant, Samuel's Auto FL., LLC, a Florida limited liability company doing business as "Samuel's Auto," for statutory and actual damages, together with attorney's fees and costs pursuant to 49 U.S.C. §32710.

## COUNT II - ACTION FOR VIOLATION OF THE
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

52.     This is an action for violation of Florida Statute §501.201, *et seq.,* known more commonly as the "Florida Deceptive and Unfair Trade Practices Act" (the "DUTPA"), brought herein pursuant to the doctrine of pendent jurisdiction.

53.     Mr. Hue realleges and reaffirms the allegations contained in Paragraphs 1 through 38 above as if set forth hereat in full.

### *General Allegations as to DUTPA*

55.     At all times material hereto, Mr. Hue was an "interested party or person" as said term is defined under Fla. Stat. §501.203(6).

55.     By virtue of the acts described above, Defendant was engaged in "trade or commerce" as said terms are defined under Fla. Stat. §501.203(8).

### *Violation of the Florida Motor Vehicle Dealer License Act*

56.     During the course of the sale and financing of the Van, Defendant violated the requirements of Fla. Stat Chapter 320, known more commonly as the "Florida Motor Vehicle Licenses Act," in the following respects:

    A.     By misrepresenting or making false, deceptive or misleading statements with regard to the sale of the Van in violation of Fla. Stat. §320.27(b)3; and

    B.     By perpetrating any fraud upon Mr. Hue in connection with the sale of the Van in violation of

Fla. Stat. §320.27(9)(b)13.

### *Violation of Florida Title Certificate Act*

57.     Fla. Stat. §319.14 provides in pertinent part that a person may not knowingly sell, exchange, or transfer a salvaged or rebuilt vehicle referred without, before consummating the sale, exchange, or transfer, **disclosing in writing** to the purchaser, customer, or transferee the fact that is a vehicle that is rebuilt.

58.     The Dealership knowingly failed to disclose to Mr. Hue that the Van was a rebuilt vehicle with an inaccurate odometer.

59.     The violation of the Florida Title Certificate Act is a *per se* violation of the DUTPA under Fla. Stat. §501.211(3)(c).

### *Violation of DUTPA as to Auto Dealership*

60.     At all times material hereto, Mr. Hue was a "customer" as said term is defined under Fla. Stat. §501.975(1).

61.     At all times material hereto, Samuel's Auto was a "dealer" as said term is defined under Fla. Stat. §501.975(2).

62.     At all times material hereto, the Van was a "vehicle" as defined under Fla. Stat. §501.975(5).

63.     During the course of the sale and financing of the Van, the Dealership violated the requirements of the DUTPA by:

(a).     representing the previous usage or status of the Van to be something that

it was not, or made usage or status representations unless Defendant had correct information regarding the history of the Van to support the representations, in contravention of Fla. Stat. §501.976(3);

(b).     representing the quality of care, regularity of servicing, or general condition of the Van unless known by the Defendant to be true and supportable by material fact, in contravention of Fla. Stat. §501.976(4);

(c).     representing orally or in writing that the Van had not sustained structural or substantial skin damage unless the statement was made in good faith and the Van had been inspected by the Defendant or his or her agent to determine whether the Van had incurred such damage, in contravention of Fla. Stat. §501.976(5); and

(d).     provided an express or implied warranty and fail to honor such warranty unless properly disclaimed pursuant to subsection Fla. Stat. §501.976(6).

*                          *                          *

64.     As more particularly described above, Defendant has engaged in unfair methods of competition, unconscionable acts or practices, and unfair and deceptive acts or practices in the conduct of trade or commerce in violation of Fla. Stat. §501.204(1).

65.     Pursuant to Fla. Stat. §501.211, Mr. Hue is entitled to obtain a declaratory judgment that the acts and practices of Defendant under the DUTPA and to enjoin Defendant from further violations of the DUTPA.

66.     It is in the interest of protection of consumers that the Defendant be prohibited and proscribed from further violations of the DUTPA as described above.

67.     As a direct and proximate result of the violation of the DUTPA, Mr. Hue has been damaged and is an aggrieved person.

68.     Mr. Hue has retained the undersigned law office to represent his interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Ian Hue, an individual, demands judgment against Defendant, Samuel's Auto FL., LLC, a Florida limited liability company doing business as "Samuel's Auto," for:

  A.     Compensatory damages;

  B.     Declaratory relief against Defendant adjudicating that the actions of Defendant described above constitute violations of the DUTPA;

  C.     Injunctive relief against Defendant proscribing Defendant from further violations of the DUTPA as described herein; and

  D.     Attorney's fees and court costs pursuant to Fla. Stat. §501.2105.

## COUNT III - ACTION FOR FRAUD

69.     This is an action for fraud brought pursuant to the doctrine of pendent jurisdiction.

70.     Mr. Hue realleges and reaffirms the allegations contained in Paragraph 1 through 38 above as if set forth hereat in full.

71.     As more fully described above, Defendants misrepresented material facts concerning the sale of the Van.

72.     Defendants knew that the representations set forth above were false or made such representations recklessly, and Defendants had no reasonable grounds for believing those

representations to be true.

73. Defendants knew that the above representations and omissions concerning the purchase of the Van were material and important.

74. Defendants intended to deceive Mr. Hue, who relied upon the misrepresentations and omission to his detriment.

75. As a direct and proximate result of the fraud and non-disclosures by Defendants, the actual and economic damages of Mr. Hue include but are not limited the diminution in value of the Van as a result of it having an inaccurate odometer and salvage title.

WHEREFORE, Plaintiff, Ian Hue, an individual, demands judgment for damages against Defendant, Samuel's Auto FL., LLC, a Florida limited liability company doing business as "Samuel's Auto," together with interest and costs.

### COUNT IV - ACTION FOR NEGLIGENT MISREPRESENTATION

76. This is an action for negligent misrepresentation brought pursuant to the doctrine of pendent jurisdiction.

77. Mr. Hue realleges and reaffirms the allegations contained in Paragraph 1 through 38 above as if set forth hereat in full.

79. As more particularly described above, Defendants misrepresented and failed to disclose material facts concerning the sale of the Van.

80. Defendants believed the above statements to be true and to be complete but which were in fact false and incomplete.

81. Defendants were negligent in making the statements and omissions concerning

the sale of the Van.  Defendants should have known that the statements were false.

82.     Defendants, in making the statements concerning the sale of the Van, intended that Mr. Hue rely upon said statements.

83.     As a direct and proximate result of the negligent misrepresentation of the Defendants, the actual and economic damages of Mr. Hue include but are not limited to the diminution in value of the Van as a result of  it having an inaccurate odometer and salvage title.

WHEREFORE, Plaintiff, Ian Hue, an individual, demands judgment for damages against Defendants, Samuel's Auto FL., LLC, a Florida limited liability company doing business as "Samuel's Auto,"  together with interest and costs.

## COUNT V- ACTION FOR FRAUDULENT INDUCEMENT

84.     This is an action for fraudulent inducement brought pursuant to the doctrine of pendent jurisdiction.

85.     Mr. Hue realleges and reaffirms the allegations contained in Paragraph 1 through 35 above as if set forth hereat in full.

86.     As more particularly described above, Defendant induced Mr. Hue into signing the Buyer's Order by knowingly making misrepresentations of material fact and omitting material facts with the intent that Mr. Hue rely on them to his detriment.

97.     Defendant's misrepresentations of material fact and omissions of material fact were made and omitted with the intent that Mr. Hue rely on them or be deceived by them to his detriment.

88.     Mr. Hue justifiably relied upon the misrepresentations to his detriment and

further, had Mr. Hue been advised of the truth, Mr. Hue would not have entered into the Buyer's Order.

89.     As a result of the fraud and deceit by Defendants, the actual and economic damages of Mr. Hue include but are not limited to:

(a).    the cost of repairs; and

(b).    the diminution in value of the Van as a result of it having an inaccurate odometer and salvage title.

WHEREFORE, Plaintiff, Ian Hue, an individual, demands judgment for damages against Defendants, Samuel's Auto FL., LLC, a Florida limited liability company doing business as "Samuel's Auto," together with interest and costs.

## COUNT VI- ACTION FOR BREACH OF EXPRESS WARRANTIES

90.     This is an action for breach of express warranty brought pursuant to the doctrine of pendent jurisdiction.

91.     Mr. Hue realleges and reaffirms the allegations contained in Paragraph 1 through 38 above as if set forth hereat in full.

92.     From the various statements by Samuel's Auto, Samuel's Auto made express warranties pursuant to Fla. Stat. §672.313, the Uniform Commercial Code ("UCC") by both affirmation of fact or promise and by description of goods that:

• that the Van was in excellent condition and had no mechanical defects ("Condition Warranty"), and

• that the Van had mileage of 8,021 miles ("Mileage Warranty").

93.     As shown by the title records and other evidence, Samuel's Auto has breached the Condition Warranty and Express Milage Warranty (collectively, "Express Warranties").

94.     As a direct and proximate result of the breach of the Express Warranties, Mr. Hue has been damaged.  The actual and economic damages of Mr. Hue include but are not necessarily limited to:

    (a).    the cost of repairs; and

    (b).    the diminution in value of the Van as a result of it having an inaccurate odometer and salvage title.

95.     Mr. Hue has performed all conditions precedent to the filing of the instant action.

WHEREFORE, Plaintiff, Ian Hue, an individual, demands judgment for damages against Defendants, Samuel's Auto FL., LLC, a Florida limited liability company doing business as "Samuel's Auto," together with interest and costs.

## COUNT VII- ACTION FOR BREACH OF
## IMPLIED WARRANTY OF MERCHANTABILITY

96.     This is an action for breach of implied warranty of merchantability brought pursuant to the doctrine of pendent jurisdiction.

97.     Mr. Hue realleges and reaffirms the allegations contained in Paragraph 1 through 38 above as if set forth hereat in full.

98.     Pursuant to Fla. Stat. §672.314(1), the Uniform Commercial Code ("UCC"), a warranty existed with respect to the sale of the Van that same would be merchantable is implied in contract.

99.     Pursuant to Fla. Stat. §672.314(2), UCC, the Van was not merchantable as it would

not pass without objection into trade under the contract description and was not fit for the ordinary purpose for which the vehicle was to be used.

100.    As a direct and proximate result of the breach of the implied warranty of merchantability, Mr. Hue has been damaged.  The actual and economic damages of Mr. Hue include but are not necessarily limited to:

      (a).   the cost of repairs; and

      (b).   the diminution in value of the Van as a result of it having an inaccurate odometer and salvage title.

101.    Mr. Hue has performed all conditions precedent to the filing of the instant action.

WHEREFORE, Plaintiff, Ian Hue, an individual, demands judgment for damages against Defendants, Samuel's Auto FL., LLC, a Florida limited liability company doing business as "Samuel's Auto," together with interest and costs.

### COUNT VIII- ACTION FOR BREACH OF IMPLIED WARRANTY OF FITNESS FOR PARTICULAR PURPOSE

102.    This is an action for breach of implied warranty of fitness for particular purpose brought pursuant to the doctrine of pendent jurisdiction.

103.    Mr. Hue realleges and reaffirms the allegations contained in Paragraph 1 through 38 above as if set forth hereat in full.

104.    As described above, Samuel's Auto knew at the time of contracting by Mr. Hue for the Van the particular purpose for which the Van was acquired, and that Mr. Hue was relying upon the skill and judgment of Samuel's Auto to select or furnish suitable goods.

105.    As a result of the above, an implied warranty of fitness for particular purpose

existed with respect to the sale of the Van pursuant to Fla. Stat. §672.315, the Uniform Commercial Code ("UCC").

106.    As the Van was delivered in need of substantial repairs to make the Van safe for use as a camper by Mr. Hue's family, Samuel's Auto has breached the implied warranty of fitness for a particular purpose.

107.    As a direct and proximate result of the breach of the implied warranty of fitness for particular purpose, Mr. Hue has been damaged. The actual and economic damages of Mr. Hue include but are not necessarily limited to:

      (a).  the cost of repairs; and

      (b).  the diminution in value of the Van as a result of it having an inaccurate odometer and salvage title.

108.    Mr. Hue has performed all conditions precedent to the filing of the instant action.

WHEREFORE, Plaintiff, Ian Hue, an individual, demands judgment for damages against Defendants, Samuel's Auto FL., LLC, a Florida limited liability company doing business as "Samuel's Auto," together with interest and costs.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, Ian Hue, pursuant to Rule 38(b), Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

*/s/ Robert W. Murphy*
ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Fort Lauderdale, Florida 33316
(954) 763-8660
(954) 763-8607 (FAX)
Email:
rwmurphy@lawfirmmurphy.com

*Counsel for Plaintiff*