**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**CASE NO.  21-60277-CIV-MARTINEZ-SNOW**

IAN HUE, an individual,

    Plaintiff,
vs.

SAMUEL'S AUTO FL., LLC,
a Florida limited liability company
d/b/a "Samuel's Auto,"

    Defendant.
_____/

**MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION TO WITHDRAW AS COUNSEL**

Plaintiff, Ian Hue, an individual ("Mr. Hue"), by and through his undersigned attorney, files this his response to the Defendants' Motion to Withdraw as Counsel [DE 20] filed herein by counsel for Defendants, Arthur J. Jones, Esq. and The Arthur Firm, PL (hereinafter collectively "Attorney Jones"), with respect to the representation of Defendant, Samuel's Auto FL, LLC, a Florida limited liability company, doing business as "Samuel's Auto" ("Samuel's Auto"), and would show as follows:

1.    This lawsuit involves a used car dealership selling a family a badly wrecked late model van ("Van") with a salvaged title and a busted odometer without any semblance of compliance with federal and state consumer disclosure requirements. Federal jurisdiction is under the Federal Odometer Act, 49 U.S.C. §32701 ("Odometer Act").

2.    The Odometer Act provides that a conspiracy to violate any of the Act's substantive prohibitions and requirements also violates the Act. 49 U.S.C. § 32703(3). In other words, a

-2-

conspiracy to roll back an odometer or even just to violate the Act's disclosure requirements is actionable under the Act. This provision is useful in challenging the practices of those who aid and abet odometer tampering, but do not do the actual tampering. It is also creates liability for individuals who assist in a disclosure violation, even though that person is not a transferor. *E.g.*, *Duval v. Midwest Auto City, Inc*., 578 F.2d 721, 724 (8th Cir. 1978).

3. On Thursday, April 15, 2021, counsel for Mr. Hue, Robert W. Murphy, Esq. ("Attorney Murphy") met by telephone with Attorney Jones to conduct the conference required under Local Rule 16.1 (b) ("Rule 16 Conference").

4. During the Rule 16 Conference, Attorney Murphy informed Attorney Jones that Mr. Hue had discovery needs that included information pertaining to the individuals associated with Samuel's Auto who were involved in the sale of the Van to Mr. Hue. As the Odometer Act provides for liability for any individual who aided and abetted the violation of the Act ("Unknown Aiding and Abetting Defendants"), Attorney Murphy informed Attorney Jones that such individuals would most likely be brought in as party defendants in the lawsuit.

5. Immediately upon completion of the Rule 16 Conference, Mr. Hue through counsel served discovery which sought *inter alia* information pertaining to the sale and purchase of the Van ("Plaintiff's Initial Written Discovery").

6. A copy of the Plaintiff's Initial Written Discovery, bearing certificate of service date April 15, 2021, is attached hereto as Composite Exhibit "A."

7.     Plaintiff's Initial Written Discovery was specifically drafted to learn the identity of additional wrongdoers who may provide redress to Mr. Hue. To drive this point home, Mr. Hue has provided the specific interrogatories for the ready reference of the Court:

> 8. **Identification of Management and Ownership of Dealership.** Identify each person who has a management role or function at or an ownership interest in the Dealership at any time in the last twelve months. As to any such person, state:
>
>     (a). The time periods of the management role or function at or the ownership interest in the Dealership;
>
>     (b). The title of the person;
>
>     (c). the duties and responsibilities of such person at the Dealership; and
>
>     (d). the nature of the ownership interest.

> 9. **Identification of Actors as to Van.** Identify each person who performed any activity with respect to the acquisition, purchase, repair, servicing, conditioning, transport, storage, titling, marketing, and sale of the Van (regardless of whether the person is an employee or agent of the Dealership). As to any such person, identify:
>     (a). the activity performed;
>     (b). whether the person knew that the Van had a salvage title prior to July 8, 2020;
>     (c). whether the person knew that the Van had an inaccurate odometer prior to July 8, 2020; and
>     (d). all communications (both written and oral) between the Dealership and the person concerning the instant action.

8.     On April 27, 2021, Attorney Jones filed Defendants' Motion to Withdraw as Counsel [DE 20] ("Motion to Withdraw").

9.     Through the Motion to Withdraw, Attorney Jones informed the Court that Samuel's Auto was not paying counsel and was not assisting Attorney Jones in providing *inter alia* the

mandated Rule 26(A)(i) initial disclosures mandated by the Scheduling Order. (Motion to Withdraw- ¶3-4).

10. As the Rule 26 (A)(i) disclosures include the name and, if known, the address and telephone number of each individual likely to have discoverable information, it is obvious that the individuals operating the illicit business of Defendant want to remain hidden. After all, the consequences of violating the Act are quite severe and include severe civil and even criminal penalties.

11. As more fully argued below, Mr. Hue opposes the withdrawal of Attorney Jones until such time as Mr. Hue has had an opportunity to learn the identity of individual actors to add such persons as party defendants in this proceeding. Mr. Hue believes that Samuel's Auto will not retain substitute counsel and will allow a default to be entered against it so to avoid providing plenary disclosure of individual wrongdoers.

12. While Mr. Hue is mindful of the power of the Court to enforce its orders, counsel for Mr. Hue is also informed by his experience that civil and criminal wrongdoers use corporate shields to evade liability. As such, Mr. Hue will be in the unenviable position of not knowing the persons who were involved in the purchase and sale transaction and being deprived of redress.

## LEGAL ARGUMENT

### I. THE WITHDRAW OF ATTORNEY JONES WITHOUT DISCLOSURE OF THE UNKNOWN AIDING AND ABETTING DEFENDANTS WILL UNFAIRLY PREJUDICE PLAINTIFF

"[I]n a civil case any attorney of record has the right to terminate the attorney-client relationship and to withdraw as an attorney of record upon due notice to his [or her] client and approval by the Court." *Fisher v. State*, 248 So. 2d 479, 486 (Fla. 1971). Withdrawal by an attorney, however, is not a matter of right. As stated by the Honorable Judge Donald Graham of

this Court, in ruling on the propriety of an application to withdraw by counsel, the courts of Florida are guided by several factors:

> "specifically: 1) the reasons why withdrawal is sought; 2) the prejudice that might result from withdrawal; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will cause a delay in the resolution of the case." *U.S. v. Travers*, 996 F. Supp. 6, 14 (S.D. Fla. 1998) (citing B*ecker & Poliakoff v. King*, 642 So. 2d 821 (Fla. 4th DCA 1994) and *Preddy, Kutner, Hardy, Rubinoff, Brown & Thompson v. Kleinschmidt*, 498 So. 2d 453 (Fla. 3d DCA 1981)). "Withdrawal may generally be granted when the case has not been set for trial, when the clients do not complain of delay, and when the clients do not fulfill their payment obligations." *Brooks v. State*, 980 So. 2d 1095 (Fla. 4th DCA 2008) (citing *Becker & Poliakoff*, 642 So. 2d at 821))(emphasis added)."
>
> *Bowes v. Haymore*, 2015 WL 13776923 *2 (S.D. Fla. Feb. 5, 2015)

In *Bowes*, the Court rejected the attorney's request to withdraw based on an argument that the plaintiff had not replenished the lawyer's trust retainer because of the attorney's "failure to accurately anticipate the time and expense necessary to fully litigate this case." *Id.* at *3. While Mr. Hue has some empathy for Attorney Jones, his request to exit the action a little more than a month after his initial appearance rings hallow. Indeed, the Motion to Withdraw did not actually state that Attorney Jones was not being paid. Rather, the careful wording of the motion is worth repeating in full:

> 4. Additionally, Defendant's **remuneration history** with counsel suggests that Defendant no longer has the financial resources to pay its counsel to defend against the Complaint. For this reason, any further representation of Defendant would cause an unreasonable financial burden upon counsel and the law firm.
> (Motion to Withdraw- ¶4)
> [emphasis added]

Attorney Jones seems to have purposely used "renumeration history" to cloak the real reason for his withdrawal: the communication to him by the owners of Samuel's Auto that they would not disclose the identity of themselves and the other Unknown Aiding and Abetting Defendants. Through the Rule 16 Conference and the Plaintiff's Initial Written Discovery, Mr. Hue made it

clear that he would not be satisfied with a judgment against a shell corporation but would have redress from the several persons who profited from the sale of the worthless Van.

If Attorney Jones is allowed to withdraw without the disclosure of the Unknown Aiding and Abetting Defendants by his client, the action will be delayed by weeks and perhaps months as Mr. Hue will be required to search for these wrongdoers. And it is likely that search will be fruitless, the administration of justice will be harmed, and the interests of Mr. Hue prejudiced.

It is within the Court's discretion to deny an application to withdraw when discovery is pending or to condition withdrawal on disclosure so not to delay the action. *Cf., Huang v. Shanghai Corp.*, 2020 WL 6136186 *2 (S.D. N.Y. Oct. 19, 2020) [denial of motion to withdraw as a result of outstanding discovery]; *See Cooper v. Wal–Mart Transp., LLC,* No. H–08–0085, 2010 WL 763548 (S.D.Tex. Mar.3, 2010) (denying defense counsel's motion to withdraw when the defendant was required to file a response to plaintiff's judgment as a matter of law); *Small v. Regalbuto,* No. 1:06–CV–1721, 2009 WL 1911827, at *2 (N.D.Ohio June 29, 2009) (denying defense counsel's motion to withdraw when the defendant had outstanding discovery obligations and had already substantially delayed discovery); *Taylor v. Stewart,* 20 F.Supp.2d 882, 884 (E.D.Pa.1998) (denying defense counsel's motion to withdraw before meeting upcoming discovery deadlines); *Intellipay, Inc.,* 828 F.Supp. at 33 ("This court also finds that hardship would be imposed on the trial court, plaintiff, and defendants if counsel is permitted to withdraw approximately one month before trial.").

**II.    AS SAMUEL'S AUTO IS A CORPORATION UNABLE TO REPRESENT ITSELF, THE WITHDRAWAL OF ATTORNEY JONES SHOULD BE PREDICATED ON THE APPEARANCE OF SUBSTITUTE COUNSEL TO AVOID DELAY.**

A corporation must be represented by counsel and cannot appear *pro se. Citadel Commerce Corp. v. Cook Systems, Inc.,* 2009 WL 799424 *1 (M.D. Fla. March 24, 2009); *see also Palazzo v. Gulf Oil Corp.,* 764 F.2d 1381, 1385 (11th Cir.1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel."). As such, it is within the discretion of the Court to require a substitute attorney to appear of record before allowing counsel to withdraw from the representation of a corporation. *Id.*

In similar circumstances, the District Court for the Middle District of Florida opined:

> Allowance of withdrawal here, when no substitute counsel has appeared, would leave the Estate without a voice in this litigation, which results in difficulties for the Court and opposing counsel and therefore, absent compelling ethical considerations mandating withdrawal, such a request will be denied. While counsel notes that his client has advised him that she has retained new counsel, unless and until new counsel actually files a Notice of Appearance in this matter, such is not a compelling reason mandating withdrawal.

*Gonzalez v. Depuy Orthopaedics, Inc*., 2012 WL 12918363, * 1 (M.D. Fla. Nov. 20, 2012).

Attorney Jones knew when he accepted the representation of the Defendant that he could be in the case for a long time. After all, he was appearing in a federal venue not small claims court. Indeed, Attorney Jones fully embraced the federal court process when he sought dismissal of the action through the filing of what can best be described as a paper-thin motion to dismiss [DE 8] and forcing his party opponent to labor on a response. That motion remains pending and is ripe for disposition as the time for a reply by Defendant is now past.

Attorney Jones should not be allowed to leave the case unless another lawyer is prepared to stand in his place. His continued representation will allow for guidance to the Defendant and its ownership of their duties and responsibilities as a litigant in federal court. At the least, it will avoid delay in the disposition of the cause.

WHEREFORE, Plaintiff, Ian Hue, an individual, by and through his undersigned attorney, respectfully requests this Court deny the Motion to Withdraw without prejudice upon the appearance of substitute counsel.

> */s/ Robert W. Murphy*
> Robert W. Murphy
> Florida Bar No. 717223
> 1212 S.E. 2nd Avenue
> Fort Lauderdale, Florida 33316
> Telephone: (954) 763-8660
> Fax: (954) 763-8607
> Email: rwmurphy@lawfirmmurphy.com
> *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 27, 2021, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Southern District of Florida, using the CM/ECF system. I further certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rules of Civil Procedure, Rule 5(b)(2), as follows:

Arthur J. Jones, Esq.
4770 Biscayne Blvd., Suite 1250
Miami, Florida 33137
E-Mail: thearthurfirm@gmail.com
*Attorney for Defendant*

> */s/ Robert W. Murphy*
> Attorney