**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO. 21-60277-CIV-MARTINEZ-SNOW**

IAN HUE, an individual,

Plaintiff,

vs.

SAMUEL'S AUTO FL., LLC,
a Florida limited liability company
d/b/a "Samuel's Auto,"

Defendant.
_________________________________/

**MOTION FOR ENTRY OF FINAL JUDGMENT AFTER DEFAULT**

Plaintiff, Ian Hue, an individual ("Mr. Hue"), by and through his undersigned attorney, pursuant to Rule 55, Federal Rules of Civil Procedure, respectfully moves this Court for entry of a default final judgment against Defendant, Samuels' Auto FL, LLC, a Florida limited liability company ("Samuel's Auto"), and in support thereof would show as follows:

1. This lawsuit involves a used car dealership selling a family a badly wrecked late model van with a salvaged title, missing airbags, and a busted odometer (the "Van"). By any objective measure, the dealership unloaded the van on an unsuspecting customer without any semblance of compliance with federal and state consumer disclosure requirements.

2. On June 28, 2021, the Clerk of the Court entered a Default against Samuel's Auto for its failure to plead or otherwise defend the instant action ("Default") [DE 27].

3. Pursuant to Rule 55, Federal Rules of Civil Procedure, Mr. Hue is entitled to a judgment against Samuel's Auto in accordance with the proof submitted herewith.

    4. Mr. Hue seeks judgment for treble damages as to Count I for violation of the Federal Odometer Act, formerly known as "Motor Vehicle Information and Cost Savings Act," 49 U.S.C. §32701, *et seq.* ("Odometer Act").[1]

**MEMORANDUM**

**I. STANDARD OF REVIEW**

When a party is in default and the clerk or Court has entered a default, the decision whether to grant a default judgment is within the sound discretion of the district court. *See, Fanning v. Permanent Solution Industries, Inc.*, 257 F.R.D. 4 (D.D.C. 2009); *Microsoft Corporation v. Not*, 549 F.Supp.2d 1233, 1236 (E.D. Ca. 2008). When a default judgment is entered, the Court takes the well-pleaded factual allegations of the complaint as true. *See, Direct TV, Inc. v. Hoa Huynh,* 503 F.3d 847, 854 (9th Cir.2007), *cert. denied*, 129 S. Ct. 40 (2008). In entering a default judgment, the Court must analyze the allegations of the Complaint to confirm that all the elements required for liability have been satisfied. *See, Capitol Records v. Rita Carmichael,* 508 F.Supp.2d 1079, 1083 (S.D. Ala. 2007); *UMJ Recordings, Inc. v. Stewart,* 461 F.Supp.2d 837,842 (S.D.Ill.2006).

In the instant case, as detailed below, Mr. Hue has advanced a well-pled Complaint which is supported by substantial case law. Mr. Hue has filed contemporaneous herewith the following proofs:

- Declaration of Ian Hue in Support of Motion for Entry of Final Judgment After Default, dated July 22, 2021, attached as Exhibit "A" ("Hue Declaration")- The Hue Declaration avers to all facts necessary to support the claim for statutory and actual damages

[1] In the belief that the Court will award the plenary damages under the Odometer Act as requested in the instant application, Mr. Hue will not seek recovery on the remaining state law claims as the recovery is largely duplicative.

against Samuel's Auto; and

- Declaration of Tony Schliemann, dated July 26, 2021, attached as Exhibit "B" ("Schliemann Declaration")- The Schliemann Declaration was provided by Tony Schliemann ("Mr. Schliemann"), the manager of the repair facility in California who inspected the Van. Mr. Schliemann has opined as to the cost of repairs for the Van to make the vehicle roadworthy as a family camper.

## II. LEGAL ARGUMENT

### A. THE DEALERSHIP VIOLATED THE ODOMETER ACT BY MAKING FALSE MILEAGE DISCLOSURES AND BY FAILING TO PROVIDE THE VEHICLE TITLE TO MR. HUE FOR INSPECTION.

#### *1. Overview of Odometer Act.*

Congress passed the Odometer Act to prevent fraud in the sale of motor vehicles. The Congressional intent in passing the Act was to prevent odometer tampering and to provide other general safeguards for the protection of consumers. 49 U.S.C. §32701(b). The odometer claims in this lawsuit are based on the Dealership violating the Act's disclosure requirements of 49 U.S.C. §32705, not on a claim of tampering under 49 U.S.C. §32703.

#### *2. The Courts Broadly Construe and Vigorously Enforce the Odometer Act.*

The Odometer Act is to be broadly and vigorously applied to accomplish the Act's purposes. "The statute is obviously remedial in nature and should be broadly construed to effectuate its purpose." *Ryan v. Edwards*, 592 F.2d 756, 759-60 (4th Cir. 1979); *Hughes v. Fox*, 814 F.2d 498, 501 (8th Cir. 1987); *Sarratore v. Longview Van Corp*., 666 F. Supp 1257 (N.D. In. 1987); *Stier v. Park Pontiac*, 391 F. Supp 397 (S.D. W.Va. 1975) A broad construction of the federal Act serves an important public policy. Congress sought to require accurate odometer statements and other

pertinent information concerning motor vehicles to penalize those that engage in odometer tampering and related wrongdoing)

As a salient example of the broad scope of the Act, the Act provides for a civil enforcement action without a restriction on the class of persons entitled to sue. 49 U.S.C. §32710. A person suing need not have been damaged; there is a minimum statutory award of $10,000.00 to encourage persons who discover and act on violations. *Evans v. Paradise Motors, Inc.*, 1121 F. Supp. 250 (N.D. Ca.1989).

As discussed below, the application of the Act to the facts of the instant case — the marketing and sale of a salvaged vehicle with an inaccurate odometer without disclosure — is especially appropriate.

***3. The Dealership Gave Multiple False Odometer Disclosures.***

The Act's disclosure requirements are central to the Act's effectiveness. Even if a transferor has not tampered with an odometer (in fact, even if an odometer was never rolled back), a transferor may violate the Act by violating the disclosure requirements. *See, Ryan v. Edwards*, 592 F.2d 756, 760 n.4 (4th Cir. 1979) (tampering and disclosure violations are alternative claims under the Act); *Resendiz v. Eatinger*, 1990 WL 84527 (N.D. Ill. June 8, 1990). The Act requires that a person transferring a motor vehicle's title to give the transferee a written disclosure of the mileage registered by the odometer or a disclosure that the mileage is unknown if the transferor knows the mileage registered by the odometer is incorrect. 49 U.S.C. §32705(a).

The content of the required mileage disclosures is essentially the same, whether made on the title, on a power of attorney, on a reassignment document, on a separate disclosure statement, or electronically. *See,* 49 C.F.R. § 580.5(a), (b), (g); 49 C.F.R. §§ 580.13(a), 580.14(b). The transferor

discloses the odometer reading at the time of the transfer and whether the reading is accurate. 49 C.F.R. § 580.5(c)(1) and (e).

The Dealership advertised the Van as having only 8,000 miles (Hue Declaration -¶4) After Mr. Hue agreed to buy the Van, he was sent a bill of sale ("Bill of Sale") that again affirmatively represented the same mileage. (Hue Declaration -¶15; Ex. A). Several days after the Van was delivered to Mr. Hue, Mr. Hue received a package in the mail that contained the following:

- Motor Vehicle Title Reassignment Supplement ("Reassignment")- (Hue Declaration -¶15; Ex. C); and

- Original State of Minnesota Certificate of Title for Motor Vehicle for Title No. 00WCSSB-1 ("Minnesota Salvage Title")- (Hue Declaration -¶15; Ex. D).

When Mr. Hue reviewed the Minnesota Salvage Title, Mr. Hue discovered for the first time that the Dealership had sold him a wrecked vehicle that had a salvage title brand:



In addition to selling Mr. Hue a wrecked vehicle, the Dealership also sold Mr. Hue a vehicle with an inaccurate or tampered odometer. In particular, the Minnesota Salvage Title provided:

ASSIGNMENT BY SELLER (TRANSFEROR)

FEDERAL AND STATE LAWS REQUIRE THAT YOU STATE THE MILEAGE IN CONNECTION WITH THE TRANSFER OF OWNERSHIP. MINNESOTA LAW REQUIRES THAT YOU MAKE A DISCLOSURE ABOUT DAMAGE TO THE VEHICLE. A FALSE OR FRAUDULENT STATEMENT OF PURCHASE BY ANY PERSON IS A GROSS MISDEMEANOR OR FELONY.

ODOMETER DISCLOSURE STATEMENT. I (WE) CERTIFY THAT THE ODOMETER NOW READS 8041 (NO TENTHS) MILES AND TO THE BEST OF MY KNOWLEDGE THE ODOMETER MILEAGE:

☐ IS ACTUAL MILEAGE
☐ EXCEEDS MECHANICAL LIMITS OF ODOMETER
☒ IS NOT ACTUAL MILEAGE – WARNING ODOMETER DISCREPANCY

DAMAGE DISCLOSURE STATEMENT. TO THE BEST OF MY KNOWLEDGE, THIS VEHICLE: ☒ HAS ☐ HAS NOT (CHECK ONE) SUSTAINED DAMAGE IN EXCESS OF 80 PERCENT ACTUAL CASH VALUE.

As seen above, the NAM Disclosure stated that the mileage reading of 8,041 was "***not actual mileage***." But, in addition to the Initial Mileage Representation, the Dealership falsely represented through the Reassignment that the mileage reading of 8,041 was "***actual mileage***":

ODOMETER DISCLOSURE STATEMENT

WARNING: FEDERAL AND STATE LAW REQUIRE THAT YOU STATE THE ODOMETER MILEAGE IN CONNECTION WITH TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE OR PROVIDING A FALSE STATEMENT MAY RESULT IN FINES AND/OR IMPRISONMENT.

I/WE STATE THAT THIS ☐ 5 OR ☒ 6 DIGIT ODOMETER NOW READS, 8,041 XX (NO TENTHS) MILES, DATE READ 09/20/20 AND I HEREBY CERTIFY THAT TO THE BEST OF MY KNOWLEDGE THE ODOMETER READING.

CAUTION: READ CAREFULLY BEFORE YOU CHECK A BOX

☒ 1. REFLECTS ACTUAL MILEAGE
☐ 2. IS IN EXCESS OF ITS MECHANICAL LIMITS
☐ 3. IS NOT THE ACTUAL MILEAGE. WARNING – ODOMETER DISCREPANCY

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

A false statement on the disclosure form violates the Act's disclosure requirements. In addition, the Act states that a person who transfers ownership of a vehicle may not "give a false statement to the transferee in making the disclosure required by [NHTSA's odometer disclosure] regulation." This language covers not just false statements made on the disclosure form, but false statements made in connection with making the disclosure. Thus, oral statements, advertising, and written claims found in documents other than the disclosure form are covered, as long as these

statements are related to the making of the disclosures. *See, Hughes v. Box,* 814 F.2d 498 (8th Cir. 1987); *Ryan v. Edwards*, 592 F.2d 756 (4th Cir. 1979).

In *Ryan*, the Fourth Circuit has found the Act applied to a car dealer's false newspaper advertising that described a car as "low mileage" and to false oral statements concerning mileage. *Id.* at 759. The Court stated: "[a] transferor cannot insulate himself from liability under the statute by completing the odometer disclosure statement correctly, and then contradicting that statement with false oral claims." *Id.* Here, the multiple false statements- including at least one under penalty of perjury- by the Dealership as to the Van's mileage provide compelling evidence that the Dealership violated the disclosure requirements of the Odometer Act.

***4. The Dealership also violated the Odometer Act by concealing the Transfer Title from Mr. Hue Until After the Purchase Transaction was Consummated.***

In 1986, Congress amended the Odometer Act to require that the odometer disclosure be made on the title certificate. "The central purpose of [the statute] is to make the title document the sole vehicle for odometer disclosures, thereby completing a years-long movement among the States toward the use of the title for disclosure." See, Supplementary Information to 1991 Final Rule, 56 Fed. Reg. 47,681, 47,684 (1991). Disclosure on the title was required because "using a separate document for odometer disclosure, which had been common in the early days of the Federal odometer law, had been shown to be too vulnerable to abuse." *Id*. Thus, with the 1986 amendment, Congress gave the Act an additional "central purpose" by requiring the title document to be the only place for the disclosure under the Act. *See, Owens v. Samkle Automotive, Inc.*, 425 F.3d 1318 (11th Cir. 2005).

In *Owens*, the aggrieved car buyer purchased a used car which had been previously owned

by a car rental company. In reversing the district court, the 11th Circuit held that the car dealer had not disclosed the automobile's mileage in writing "on the title," but rather on a separate odometer disclosure statement, in an attempt to conceal from the buyer that her car had been previously owned by a car rental company. *Id.* at 1325.

The dealership in *Owens* argued that the Act required fraudulent intent with respect to the disclosure of mileage. The Court, however, disregarded the argument, reasoning:

> Therefore, to limit private civil suits under Section 32710(a) only to instances where the defendant intended to defraud the victim with respect to the vehicle's mileage runs counter to the purposes of the private civil remedy — to compensate victims for harm suffered *and* to ensure strict compliance with the Odometer Act's provisions. Both purposes are also reflected in the text of Section 32710(a). The violator must make the victim whole, but also must pay an additional price — either double the actual damages or up to $1,500 — as a penalty for violating the Act. 49 U.S.C.§32710(a)(2000). It would therefore be inimical to a private civil remedies function as the Act's primary enforcement mechanism to limit its reach to instances where the defendant intended to defraud its victim "with respect to a vehicle's mileage." Such a reading neither comports with the statute's plain language, nor accords with its remedial purpose.

*Id*.

The 11th Circuit has adopted a more expansive view of the role of the Odometer Act to prevent fraud in motor vehicle sales than other Circuits. As seen above, the Court recognized that the fraud may relate to matters other than the vehicle's mileage. *Contrast, Bodine v. Graco, Inc*. 533 F. 3rd 1145 (7th Cir. 2008); *Iofee v. Skoie Motor Sales, Inc*., 414 F. 3rd 708 (7th Cir. 2005).

In the instant case, the Dealership violated the disclosure requirements of the Act in two ways. First, the Dealership made false statements as to the mileage of the Van. Second, the Dealership concealed the higher mileage reported by the prior owner as well as the salvage brand by not showing Mr. Hue the Transfer Title until after the Purchase Price had been paid. Had Mr. Hue seen the Transfer Title, he would have become aware that the mileage was not accurate and that

the Van had a branded title as seen in *Owens*.

***4. Reckless disregard or gross negligence with respect to an odometer disclosure satisfies the Act.***

The 11th Circuit has analyzed very few cases involving claims under the Odometer Act. However, other circuits have delved into the criterion and standards under the statute. The Fifth Circuit Case of *Nieto v. Pence*, 578 F.2d 640 (5th Cir. 1978) is illustrative of the majority view. In *Nieto,* the court held that:

> a transferor who lacked actual knowledge may still be found to have intended to defraud and thus may be civilly liable for a failure to disclose that a vehicle's actual mileage is unknown. A transferor may not close his eyes to the truth. If a transferor reasonably should have known that a vehicle's odometer reading was incorrect, although he did not know to a certainty the transferee would be defrauded, a court may infer that he understood the risk of such an occurrence.
>
> *Id*. at 642.

Numerous other circuits have held that absent actual knowledge, a transferor can still be found to have the requisite intent to defraud if they exhibited gross negligence or a reckless disregard for the truth. *See, e.g., Suiter v. Mitchell Motor Coach Sales, Inc.*, 151 F.3d. 1275, 1282 (10th Cir. 1998).

The Dealership knew that the mileage of the Van was not the mileage disclosure in the various Mileage Representations made to Mr. Hue. But it made a false disclosure of the mileage and sold an undisclosed wrecked car with a salvage branded title and an inaccurate odometer.

***5. The false mileage disclosures and failure to show the transfer title to Mr. Hue entitle Mr. Hue to remedies under the Odometer Act.***

The Odometer Act provides for treble actual damages or $10,000. 49 U.S.C. § 32710(a). Mr. Hue was certainly harmed by buying a car with a salvage branded title and tampered odometer. Indeed, he does not have to prove any actual damages to recover the minimum statutory amount. *See, Att'y Gen. of Maryland v. Dickson*, 717 F. Supp. 1090 (D. Md. 1989); *Evans v. Paradise Motors*,

Inc., 721 F. Supp. 250 (N.D. Cal. 1989) *Williams v. Toyota of Jefferson, Inc*., 655 F. Supp. 1081 (E.D. La. 1987). The plaintiff need only prove that the defendant violated the Act with an intent to defraud.

The repairs necessary to make the Van roadworthy to be used as a family camper will cost $19,115.14 ("Repair Damages"). (Schliemann Declaration- ¶¶3-7). When the Repair Damages are trebled, the statutory damages are $57,345.42.[2]

## III. CONCLUSION

In accordance with the above argument, Plaintiff, Ian Hue, seeks judgment against Defendant, Samuel's Auto FL, LLC, a Florida limited liability company, as follows:

A. an award of three times actual damages or $57,345.42 under the Odometer Act of; and

B. an award of attorney fees and costs pursuant to 15 U.S.C. Section 1640 and 49 U.S.C. §32710(b) in an amount to be determined upon subsequent application by Plaintiff.

*/s/ Robert W. Murphy*

Robert W. Murphy
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Fort Lauderdale, Florida 33316
(954) 763-8660 Telephone
(954) 763-8607 Fax
rwmurphy@lawlfirmmurphy.com
*Counsel for Plaintiff*

[2] In addition to Repair Damages, Mr. Hue is also entitled to damages for diminution of value ("Diminution Damages"). But as Mr. Hue is mindful that he is not likely to recover the cost of an expert to opine as to Diminution Damages, for purposes of the instant motion, he is waiving such damages in the belief that the Court will award statutory damages based on the Repair Damages.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 27, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being furnished, in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

**By First Class Mail**
**and Electronic Mail**

Samuel's Auto FL, LLC
627 South Dixie Highway East
Pompano, FL 33060
onlinesales@samsautosflorida.com

*/s/ Robert W. Murphy*
Attorney